# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL GEORGEOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09CV00014 ERW |
| | ) | |
| JAMES BARNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Georgeoff (registration no. 1049148), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $54.75. See 28 U.S.C. § 1915(b)(1). Additionally, the complaint does not comply with the Federal Rules of Civil Procedure, and the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $273.75, and an average monthly balance of $112.73. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $54.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

This action is brought under 42 U.S.C. § 1983 and state law for alleged violations of plaintiff's constitutional rights. The complaint is 329 pages long, names 26 persons as defendants, and contains 118 counts. The complaint is unnecessarily complex, and the manner in which it is drafted makes it difficult to review.

The facts giving rise to the complaint are not complex. Plaintiff alleges that defendant Barnes forced plaintiff and several other prisoners to undress in front of him and stroke their genitals while he leered at them in a sexually suggestive manner. Plaintiff further alleges that he informed the other defendants of Barnes's actions and that the other defendants either refused to investigate the incidents or actively worked

to cover up the incidents. Plaintiff further alleges that each of the defendants was engaged in a conspiracy to violate his and the other prisoners' constitutional rights.[1]

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). "The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved." <u>Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.</u>, 395 F.2d 388, 390 (8th Cir. 1968).

The complaint clearly violates the requirements and purpose of Rule 8. That plaintiff was able to extend the above-stated facts so that they take up 1,103 paragraphs and 329 pages is rather astounding. Plaintiff accomplished this through unnecessary multiplication and repetition of the transactions and occurrences that gave rise to the complaint, by using excessive legal jargon, and by attempting to fully summarize the facts involved.

Rule 10 of the Federal Rules of Civil Procedure states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Fed. R. Civ. P. 10(b).

---

[1] Plaintiff originally filed this action with two other prisoner plaintiffs. The Court has stricken the other plaintiffs from this action and ordered the Clerk to open new, separate cases for those plaintiffs.

The complaint also violates Rule 10. The complaint includes 118 counts. However, there are not enough factual allegations to give rise to 118 counts. The manner in which plaintiff divided the allegations into 118 counts does not promote clarity. Instead, it is extremely tortuous and obfuscatory.

Additionally, Rule 8 merely requires that the complaint contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Plaintiff has included a demand for relief in each count. Each demand ranges from as low as $2.1 million to as much as $138.9 million. An extrapolation gleaned from a random sample of the demands shows that the total demand for relief is in the range of $2.7 billion.

Because the complaint grossly fails to comply with the requirements of Rules 8 and 10, the Court will order plaintiff to submit an amended complaint within thirty days of the date of this Memorandum and Order. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). The amended complaint must comply with the Federal Rules of Civil Procedure. If plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure,

the Court will dismiss the complaint pursuant to Rule 41(b). See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $54.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in compliance with this Order, no later than thirty days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure, the Court will dismiss the complaint pursuant to Rule 41(b).

Dated this 20th Day of May, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE